IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THE PARNELL GROUP LLC, and SHAUN PARNELL** § § § | | |
| Plaintiff, § | **CIVIL ACTION NO. _____** | |
| § | | |
| v. § § § | | |
| § § § | | |
| **ARM CANDY, LLC, and JOHN LODS.** § § § § | | |
| Defendants. § § § | **JURY TRIAL DEMANDED** | |

## ORIGINAL COMPLAINT

Plaintiff, The Parnell Group LLC ("TPG") and Shaun Parnell ("Mr. Parnell"), collectively "Plaintiffs", file this its Original Complaint against Arm Candy, LLC, and John Lods, collectively "Defendants", and would respectfully show the Court the following:

### Parties

1.   TPG is a Texas limited liability company with a principal place of business at 6817 Redstart Lane, Dallas, Texas 75214.

2.   Mr. Parnell is an individual who resides at 6817 Redstart Lane, Dallas, Texas 75214.

3.   Upon information and belief, Arm Candy, LLC ("Arm Candy") is a Texas limited liability company with a principal place of business at 2929 Canton Street, Dallas, Texas 75226. The registered agent for service of process for Arm Candy is listed as John Lods at 2305 Worthington Street, Apt. 212, Dallas, Texas 75204.

4. Upon information and belief, John Lods is an individual who resides at 2305 Worthington Street, Apt. 212, Dallas, Texas 75204.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, and 1338(a) and 15 U.S.C. § 1121 because this case arises under the Trademark Act of 1946, *as amended*, 15 U.S.C. § 1051 *et seq.*

6. This Court has jurisdiction over the unfair competition claim under the provisions of 28 U.S.C. § 1338(b), because this claim is joined with substantial and related claims under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*

7. This Court has supplemental jurisdiction over the claims which arise under the laws of the State of Texas pursuant to 28 U.S.C. § 1367(a), as the claims are so related to the Federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

8. Venue lies properly in this District as to Defendant Arm Candy under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Arm Candy is deemed to reside in this District, may be found in this District, and because a substantial part of the acts or omissions giving rise to the claims occurred in this District.

9. Venue lies properly in this District as to Defendant John Lods under 28 U.S.C. §§ 1391(b)(1) and 1391 (b)(2) because he resides in this District, and because a substantial part of the acts or omissions giving rise to the claims occurred in this District.

## Factual Allegations

10. Mr. Parnell has offered professional services in the field of software development for internet media and market analysis for many years. Mr. Parnell now offers quality software

development and innovative software tool design for gathering internet marketing data and analyzing it for effectiveness and cost efficiency.  Mr. Parnell has an excellent reputation and is known in the industry by his surname "PARNELL" (the "Parnell Surname").

11.     At least as early as January 2020, Mr. Parnell began offering media and marketing consulting services under the mark "THE PARNELL GROUP™" ("TPG Trademark").  On March 3, 2020, TPG was formed with the Texas Secretary of State.  TPG provides media and marketing consultation services under the TPG Trademark in association with a website located at the URL https://theparnellgroup.co ("TPG Website").  On January 5, 2022, TPG applied to register the TPG Trademark with the United States Patent and Trademark Office for "marketing consultation services".

12.     Prior to the acts of Defendant, which form the basis of this Complaint, TPG has expended substantial amounts time, energy, and money in continuously advertising and promoting the TPG Trademark in connection with its services.  TPG continues to advertise and promote its services to the trade and the public under the TPG Trademark.

13.     As a result of the care and skill exercised by TPG in the conduct of its business, by extensive advertising and marketing and by consistent high quality services offered under the TPG Trademark, TPG is now known as the exclusive source of services offered under the TPG Trademark and has acquired an excellent reputation in the industry and extensive customer goodwill.

14.     The TPG Trademark symbolizes the reputation and goodwill that TPG now enjoys.  Consequently, the TPG Trademark constitutes a valuable asset of TPG.  TPG's business depends in part upon the recognition of the TPG Trademark in the industry and on the reputation and goodwill symbolized thereby.

15. On information and belief, in or about Fall 2021, Defendants published a webpage located at the URL https://thearmcandy.com/parnell/ ("Infringing Website"). The Infringing Website advertises marketing software and services ("Infringing Goods and Services") in this judicial district and throughout the United States, prominently featuring the Parnell Surname. Further, the Infringing Goods and Services compete directly with the services offered by TPG.

16. Defendants have adopted and used the trademark "PARNELL" (the "Infringing Mark") on the Infringing Website, in commerce, in association with the Infringing Goods and Services in this judicial district and throughout the United States by sale, offer for sale, providing and advertising of, at least, the goods and services of downloading marketing campaign data and creating strategic media plans associated with it.

17. At no time has TPG or Mr. Parnell authorized or approved Defendants' use of the Parnell Surname or the Infringing Mark, nor has TPG or Mr. Parnell authorized or approved the sale, offer for sale, provision, or advertising of the Infringing Website or the Infringing Goods and Services. As a result of Defendants' unauthorized use of the Parnell Surname and the Infringing Mark, Mr. Parnell and TPG have suffered and will continue to suffer damages, including, but not limited to, lost revenue, damage to their reputations, and mental anguish.

## Count I
## False Designation of Origin
### (15 U.S.C. § 1125(a))

18. TPG repeats and reallege Paragraphs 1 through 17 as if fully set forth herein.

19. Since prior to the acts of the Defendants described in this Complaint, TPG has continuously marketed and sold its services under the TPG Trademark.

20. The TPG Trademark is inherently distinctive and represents services which originate from a single source, namely TPG.

21. Alternatively, the TPG Trademark has acquired a secondary meaning in the marketplace, because TPG has extensively advertised and provided uniformly high quality services under the TPG Trademark for a time sufficient to gain recognition. For this reason, the TPG Trademark is now recognized by the public and the trade as representing services which originate from a single source, namely TPG.

22. Defendants' acts are in violation of 15 U.S.C. § 1125(a)(1)(A) because Defendants have used a word, term, name, symbol or device, in commerce, namely the Infringing Mark, in association with their goods and services, which constitutes a false designation of origin, false or misleading description of fact, and false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with TPG, or as to the origin, sponsorship or approval of Defendants' goods and services and commercial activities by TPG.

23. Defendants' acts are in violation of 15 U.S.C. § 1125(a)(1)(B) because Defendants have used a word, term, name, symbol or device, in commerce, namely the Infringing Mark, on their goods and services, which constitutes a false designation of origin, false or misleading description of fact, and false or misleading representation of fact, which in commercial advertising and promotion misrepresents the nature, characteristics, and qualities of Defendants' goods and services and commercial activities.

24. Defendants' acts of false designation of origin are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to TPG and its property rights in the TPG Trademark, and to cause confusion, mistake and deception.

## Count II
## Unfair Competition
### (Texas Common Law)

25. TPG repeats and realleges Paragraphs 1 through 24 as if fully set forth herein.

26. The acts of Defendants constitute unfair competition and trademark infringement under the common law of the State of Texas. TPG has adopted and used the TPG Trademark in connection with its services continuously since at least as early as January 2020. The TPG Trademark identifies TPG as a sole source of services offered by TPG and distinguishes those services from the services of many others.

27. As a result of the care and skill exercised by TPG in the conduct of its business and particularly in the maintenance of high quality services, by its extensive advertising, and by the extensive and continuous marketing efforts throughout the industry, the services offered under the TPG Trademark have acquired a reputation for high quality. As a result of these efforts by TPG, consumers and the industry recognize the TPG Trademark to identify TPG exclusively as a source of high quality services. The TPG Trademark has acquired wide notoriety and symbolizes the goodwill which TPG has created by the sale of dependable and high quality services. Consequently, the TPG Trademark constitutes a valuable asset of TPG.

28. Subsequent to the adoption and use of the TPG Trademark by TPG, Defendants began infringing the TPG Trademark by advertising and selling competing and similar or identical goods and services under a trademark, namely the Infringing Mark, that is confusingly similar to and creates the same commercial impression as the TPG Trademark. Such conduct represents unfair competition and misappropriation and is designed to cause confusion and mistake and to deceive purchasers into believing that Defendants' goods and services are somehow sponsored by, provided by, or associated with TPG.

29. On information and belief, Defendants have attempted to and have passed off Defendants' goods and services as those of TPG.

30. Defendants' acts of false designation of origin and trademark infringement are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to TPG and its property rights in the TPG Trademark, and to cause confusion, mistake and deception.

**Count III**
**Surname Misappropriation**
**(Texas Common Law)**

31. Mr. Parnell repeats and realleges Paragraphs 1 through 30 as if fully set forth herein.

32. The acts of Defendants constitute surname misappropriation under the common law of the State of Texas.

33. Defendants have published and continue to display and publish the Parnell Surname on the Infringing Website to advertise and promote Defendants' competing goods and services without Mr. Parnell's authorization or consent.

34. Defendants have used and continue to use the Parnell Surname for the value associated with it and not for an incidental or newsworthy purpose.

35. Mr. Parnell can be identified from the use of the Parnell Surname on the Infringing Website.

36. On information and belief, Defendants have improperly gained an advantage in the marketplace through the misappropriation of the Parnell Surname by deceiving customers into buying the Infringing Goods and Services based on the misconception that the Infringing

Goods and Services are those of Mr. Parnell or are associated with or approved or sponsored by Mr. Parnell.

37. Defendants' acts of surname misappropriation are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to Mr. Parnell and his right of publicity in the Parnell Surname.

## Allegations Of Damage

38. Plaintiffs repeat and reallege Paragraphs 1 through 37 as if fully set forth herein.

39. Because of Defendants' acts of trademark infringement and unfair competition, described in this Complaint, TPG has suffered and will continue to suffer irreparable damage to its business, reputation and goodwill and to endure a loss of sales and profits in an amount yet to be determined.

40. Because of Defendants' surname misappropriation, described in this Complaint, Mr. Parnell has suffered and will continue to suffer damages, including, but not limited to mental anguish, and damage to his reputation and right of publicity.

41. Because of Defendants' acts described in this Complaint, Defendants have been and will continue to be unjustly enriched by profits they have made through the sale of goods and services under the Infringing Mark and under the Parnell Surname at least on the Infringing Website.

42. Defendants' acts of trademark infringement, unfair competition, and violations of Texas common law were and are all willful and deliberate.

43. Unless Defendants are enjoined from their infringing actions, as described in this Complaint, Mr. Parnell and TPG will suffer irreparable harm, for which there is no adequate remedy at law.

**Demand For Jury Trial**

44. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demands a jury trial.

**Prayer**

WHEREFORE, Plaintiffs respectfully request:

45. That Defendants, their officers, agents, servants, employees, attorneys, confederates and all persons in active concert or participation with any of them, be enjoined, immediately and preliminarily, during the pendency of this action, and thereafter perpetually from:

    A. Using the TPG Trademark, or any reproduction, counterfeit, copy or colorable imitation of the TPG Trademark, including but not limited to the Infringing Mark, in connection with the advertising, selling or offering for sale, goods and services that are the same or similar to those offered by TPG;

    B. Using the TPG Trademark, or any reproduction, counterfeit, copy or colorable imitation of the TPG Trademark, including but not limited to the Infringing Mark, in any manner likely to cause confusion, to cause mistake or to deceive;

    C. Using the Parnell Surname, and any likeness of Mr. Parnell, in any and all public or private publications, including, but not limited to, all advertising, sales and offers for sale of, any and all goods and services whatsoever;

    D. Committing any acts, including, but not limited to marketing and advertising under the Infringing Mark and/or the Parnell Surname, which are calculated to cause purchasers to believe that the services of

        Defendants are those of TPG and/or Mr. Parnell, in whole or in part, unless they are entirely such;

    E.    Competing unfairly with TPG and Mr. Parnell in any manner, including, but not limited to, use of the TPG Trademark and/or the Parnell Surname;

    F.    Deleting, destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all electronic files, web pages, computer code, business records, invoices, correspondence, books of account, receipts and other documentation relating or referring in any manner to providing, advertising, sale and offer for sale of any goods or services incorporating the TPG Trademark, Parnell Surname, or any other trademark which is confusingly similar to the TPG Trademark or Parnell Surname, including but not limited to the Infringing Mark;

46.    That, after final hearing, Defendants be required to deliver up for destruction or, alternatively, to obliterate all infringing marks on their entire inventory of infringing items, including but not limited to advertising materials, brochures, electronic files, webpages, signs, video and audio recordings, catalogs, and all electronic content or advertising of any kind and any other material in their possession incorporating the TPG Trademark, or the Parnell Surname, and any other trademark which is confusingly similar to either of them, including, but not limited to, the Infringing Mark;

47.    That for the next five (5) years, upon ten (10) days notice, TPG and Mr. Parnell, or either of them, be permitted to inspect and audit Defendants' business records, including, but not limited to, electronic files, to determine compliance with the Order issued by the Court;

48. That Defendants be ordered to account for and pay over to TPG and Mr. Parnell all damages sustained by Plaintiffs and profits realized by Defendants by reason of Defendant's trademark infringement, as alleged herein, and that all profits be trebled as provided by 15 U.S.C. § 1117 because of the willfulness of Defendants' acts;

49. That Defendants be ordered to account and pay over to TPG and Mr. Parnell all damages sustained by Plaintiffs and profits realized by Defendants by reason of Defendant's surname misappropriation, as alleged herein;

50. That TPG and Mr. Parnell be awarded prejudgment and post-judgment interest;

51. That TPG and Mr. Parnell be awarded their costs and reasonable attorney's fees as provided by 15 U.S.C. § 1117(a); and,

52. That TPG and Mr. Parnell have such other and further relief as the Court deems just and proper.

Dated: February 9, 2022.

Respectfully submitted,

s/George R. Schultz
George R. Schultz
Texas State Bar No. 17837500
rschultz@grspc.com
Nicole R. Marsh
Texas State Bar No. 24044653
nmarsh@grspc.com

SCHULTZ & ASSOCIATES, P.C.
5400 LBJ Freeway
Suite 1200
Dallas, Texas 75240
(214) 210-5940 telephone
(214) 210-5941 facsimile